IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHNSON CITY MEDICAL CENTER,    )
    )
COX MEDICAL CENTER,    )
    )
    Plaintiffs,    )
    )
    v.    )    Civil No. 06-0220 (PLF)
    )
MICHAEL O. LEAVITT,    )
Secretary, United States Department of    )
Health and Human Services,    )
    )
    Defendant.    )
_____)

## ANSWER

Defendant, by and through its undersigned counsel, answers Plaintiffs' Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Answering specifically each paragraph of the Complaint, and using the same numbering contained in the Complaint, Defendant pleads as follows:

1. Admits that this action arises under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395 et seq. ("the Medicare statute").

2. This paragraph sets forth Plaintiffs' legal conclusions to which no response is deemed to be required.

3-6. Admits.

7. The first sentence contains Plaintiffs' characterizations of this action and the Medicare

statute to which no response is deemed to be required.  Admits the second sentence. The third sentence sets forth Plaintiffs' legal conclusions to which no response is deemed to be required. Denies the remainder of the paragraph.

    8.  Admits.

    9.  This paragraph contains Plaintiffs' conclusions of law and characterizations of 42 C.F.R. §§ 413.20, 413.24,  405.1801(a), and 405.1803, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited regulations, to which Court is referred for a full and accurate statement of their contents.

    10.  This paragraph contains Plaintiffs' characterizations of 42 U.S.C. § 1395h and 42 U.S.C. § 1395oo, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

    11.  This paragraph contains Plaintiffs' characterizations of 42 U.S.C. § 1395oo(f)(1) and conclusions of law, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

    12.  This paragraph contains Plaintiffs' characterizations of 42 U.S.C. § 1395oo(f)(1), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

    13.  This paragraph contains Plaintiffs' characterizations of 42 U.S.C. § 1396 and 42

C.F.R. § 430.0, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision and regulation, to which the Court is referred for a full and accurate statement of their contents.

14.   This paragraph contains Plaintiffs' conclusions of law and characterizations of 42 U.S.C. § 1396d(a), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

15.   The first sentence of this paragraph contains conclusions of law and Plaintiffs' characterizations of 42 U.S.C. § 1396,  42 U.S.C. § 1396a, and 42 C.F.R.§ Part 430, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions and regulations, to which the Court is referred for a full and accurate statement of their contents.  The second sentence of this paragraph contains Plaintiffs' characterizations of 42 U.S.C. § 1396,  42 U.S.C. § 1396d(b), and 42 C.F.R.§ 433.10, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited regulation and statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

16.   This paragraph contains conclusions of law, Plaintiffs' characterizations of 42 U.S.C. § 1315 and text quoted from that statutory provision, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents.

17.  This paragraph contains conclusions of law and Plaintiffs' characterizations of 42 U.S.C. §§ 1315(a)(1), (a)(2), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of its contents.

18.  Admits the first sentence.  The second and third sentences contain conclusions of law and Plaintiffs' characterizations of 65 Fed. Reg. 3136 (Jan. 20, 2000), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited Federal Register document, to which the Court is referred for a full and accurate statement of its contents.

19.  The first three sentences of this paragraph contain conclusions of law and Plaintiffs' characterizations of 42 U.S.C. § 1395ww(d)(1)-(5), 42 U.S.C. § 1395ww(d)(5)(F) and 42 C.F.R. Part 412, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions and regulations, to which the Court is referred for a full and accurate statement of its contents. Defendant denies the allegation is the fourth sentence of this paragraph.

20.  This paragraph contains Plaintiffs' characterizations of 42 U.S.C. § 1395ww(d)(5)(F)(v) and 42 U.S.C.§  1395ww(d)(5)(F)(vi), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

21.  This paragraph contains conclusions of law and Plaintiffs' characterizations of Federal Register documents and HCFA Ruling 97-2,  not allegations of fact, and thus no

response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited Federal Register documents and Ruling 97-2, to which the Court is referred for a full and accurate statement of their contents.

22.  The first sentence of this paragraph contains conclusions of law and Plaintiff's characterizations of Medicare regulations legal conclusions, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited regulations, to which the Court is referred for a full and accurate statement of their contents.  Denies the second sentence, except to admit the existence of the cited Federal Register document, to which the Court is referred for a full and accurate statement of its contents.

23-24.  These paragraphs contains contain conclusions of law and Plaintiffs' characterizations of Program Memorandum A-99-62, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited Program Memorandum, to which the Court is referred for a full and accurate statement of its contents.

25.  The first and second sentences of this paragraph contain Plaintiffs' characterizations of the Interim Final Rule which appears in the Federal Register at 65 Fed. Reg. 3136 (Jan. 20, 2000),  not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited Interim Final Rule, to which the Court is referred for a full and accurate statement of its contents.  The third sentence of this paragraph contains Plaintiffs' characterizations of 42 C.F.R. § 412.106(b)(4)(ii), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited regulation, to which the Court is referred for a full and

accurate statement of its contents.

26.  This paragraph contains Plaintiffs' characterization of the Inpatient Prospective Payment System final rule for fiscal year 2001 which appears in the Federal Register at 65 Fed. Reg. 47,026 (Aug. 1, 2000), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the final rule, to which the Court is referred for a full and accurate statement of its contents.

27.  Admits the first and second sentences.  The third sentence contains conclusions of law and Plaintiffs' characterizations of TennCare to which no response is deemed to be required.

28-29.  These paragraphs contains conclusions of law and Plaintiffs' characterizations of a letter from former Centers for Medicare & Medicaid Services ("CMS") Administrator Thomas Scully to the state of Tennessee, not allegations of fact, and thus no response is required.

30.  Admits.

31.  Admits the first sentence.  See Certified Administrative Record ("A.R.") at 40. Denies the second sentence except to admit that in determining the numerator of the Medicaid fraction of the Medicare DSH calculation, the fiscal intermediary did not include patient days of patients not eligible for medical assistance under a State plan.  Denies the third sentence.

32.  Admits the existence of the referenced letter, to which the Court is referred for a full and accurate statement of its contents.  See A.R. at 59.  This paragraph also contains Plaintiffs' legal conclusions, which are not allegations of fact to which a response would be required.

33.  Admits the existence of the referenced letters, to which the Court is referred for a full and accurate statement of their contents.  See A.R. at 69, 72.  This paragraph also contains Plaintiffs' legal conclusions, which are not allegations of fact to which a response would be

6

required.

34.   Admits the first sentence.  See A.R. at 26.  Denies the second sentence except to admit that in determining the numerator of the Medicaid fraction of the Medicare DSH calculation, the fiscal intermediary did not include patient days of patients not eligible for medical assistance under a State plan.  Denies the third sentence.

35.   Admits the existence of the referenced letter, to which the Court is referred for a full and accurate statement of its contents.  See A.R. at 29.  This paragraph also contains Plaintiffs' legal conclusions, which are not allegations of fact to which a response would be required.

36.   Admits the existence of the referenced letters, to which the Court is referred for a full and accurate statement of their contents.  See A.R. at 69, 72.  This paragraph also contains Plaintiffs' legal conclusions, which are not allegations of fact to which a response would be required.

37.   Admits the existence of the referenced letter, to which the Court is referred for a full and accurate statement of its contents.  See A.R. at 6-11.

38.   Admits the existence of the referenced letter, to which the Court is referred for a full and accurate statement of its contents.  See A.R. at 1-2.  Admits the parenthetical statement.  The third sentence sets forth Plaintiffs' legal conclusions to which no response is deemed to be required.

39.   This paragraph contains conclusions of law to which no response is deemed to be required; to the extent a response is deemed necessary, admits the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents, and admits that the Complaint was filed within 60 days of the provider's receipt of the PRRB's letter

of Dec. 19, 2005.

40.   The first sentence of this paragraph contains Plaintiffs' conclusions of law and characterizations of 42 U.S.C. § 1395oo and 5 U.S.C. § 706, not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.  Denies the second sentence of this paragraph.  The remainder of this paragraph, labeled as subparagraphs (a)-(b), contain conclusions of law and Plaintiffs' characterizations of the Social Security Act, Medicare regulations, Program Memorandum 99-62, and the Interim Final Rule which appears in the Federal Register at 65 Fed. Reg. 3136 (Jan. 20, 2000), not allegations of fact, and thus no response is required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited documents, to which the Court is referred for a full and accurate statement of their contents.

Furthermore, to the extent that subparagraphs (c)-(g), contain conclusions of law and Plaintiffs' characterizations of the Social Security Act, Medicare regulations, Program Memorandum 99-62, and the Interim Final Rule which appears in the Federal Register at 65 Fed. Reg. 3136 (Jan. 20, 2000), not allegations of fact, no response is deemed to be required; to the extent a response is deemed necessary, denies, except to admit the existence of the cited documents, to which the Court is referred for a full and accurate statement of their contents.

Moreover, Defendant specifically denies the allegations of subparagraph (f) and the first and last sentences of subparagraphs (c), (d), (e) and (g).

The remainder of the Complaint contains Plaintiffs' Prayer for Relief to which no response is deemed to be required; to the extent a response is deemed necessary, denies that

8

Plaintiffs are entitled to the relief requested in the Prayer for Relief, or to any relief whatsoever.

The Secretary specifically denies all allegations in Plaintiffs' Complaint not otherwise answered

or qualified herein.

Respectfully submitted,

_____/s/_____

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

_____/s/_____

PETER S. SMITH
Assistant United States Attorney
D.C. Bar No. 465131
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 307-0372/FAX: (202) 514-8780


DAVID HOSKINS
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
330 Independence Ave., S.W., Room 5309
Washington, D.C.  20201

Attorneys for Defendant,
Michael O. Leavitt,
Secretary of Health and Human Services

9