IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHNSON CITY MEDICAL CENTER<br>and COX MEDICAL CENTER<br><br>        Plaintiffs,<br><br>    v.<br><br>MICHAEL O. LEAVITT, Secretary of the<br>Department of Health and Human Services,,<br><br>        Defendant. | CASE NO. 1:06-CV-00220 (PLF) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION TO STAY THE PROCEEDINGS**

Johnson City Medical Center and Cox Medical Center, the Plaintiffs in the above-captioned action, respectfully submit this Motion to Stay the Proceedings pending a final, non-appealable decision in the case of *Cookeville Regional Medical Center, et al. v. Leavitt,* United States District Court for the District of Columbia ("DDC") Case No. 04-1053 *("Cookeville")* or, in the alternative, until *Cookeville* is otherwise dismissed. As explained in detail below, *Cookeville* involves the same primary legal issue as the present case. A final, non-appealable determination on the merits in *Cookeville* may be instructive to the Court in the instant case and therefore may impact the necessity and scope of litigation in this Court.

**I     PRELIMINARY STATEMENT AND BACKGROUND**

The Plaintiffs filed this action in the United States District Court of the District of Columbia on February 7, 2006. The case involves the Plaintiffs' challenge to a determination by the Defendant, the Secretary for the United States Department of Health and Human Services ("Secretary"), regarding the Plaintiffs' entitlement to additional Medicare reimbursement as hospitals that service a disproportionate number of low-income patients, commonly known as a

"DSH" hospital. In particular, the Plaintiffs' Complaint alleges that the Secretary erred in applying a policy that, for the purpose of determining a Medicare provider's entitlement for additional DSH payments, requires the exclusion of hospital days attributable to patients eligible for assistance under Title XIX of the Social Security Act (Medicaid) if the patients received Medicaid benefits through a program known as a "section 1115 waiver" program. On May 8, 2006, the Secretary filed his Answer to the Plaintiffs' Complaint. To date, no additional proceedings related to the substance of the case have taken place.

At the time the Plaintiffs filed their Complaint in this action, another case was pending in the United States District Court for the District of Columbia involving the same substantive issue in the present case. *Cookeville, supra,* involves a challenge by a group of Tennessee hospitals to the Secretary's policy of excluding section 1115 waiver days from the Medicare DSH payment calculation. On October 28, 2005, the Honorable Judge James Robertson issued an order granting summary judgment in favor of the plaintiff hospitals in *Cookeville*. Final judgment was entered against the Secretary on February 2, 2006.

On February 13, 2006, the Secretary filed a motion to amend the judgment in *Cookeville* in light of recent legislative enactments impacting Medicare DSH payments. The briefing on the Secretary's motion to amend the judgment in *Cookeville* has yet to be completed.

Prior to filing his motion to amend the judgment, the Secretary also filed a notice appealing the judgment in *Cookeville*. On March 9, 2006, the United States Court of Appeals for the District of Columbia Circuit issued an order holding the appeal in *Cookeville* in abeyance pending a further order of the Court.

The Plaintiffs' action in this case likely will be significantly impacted by a final, non-appealable order on the merits in the *Cookeville* case. Therefore, Plaintiffs' respectfully request

that this Court stay the present action until a final, non-appealable judgment is issued in *Cookeville* or until the *Cookeville* case is otherwise dismissed.

## II    ARGUMENT

This Court has the discretion to stay the proceedings in this case pending the outcome of the *Cookeville* case. "A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere." *See IBT/Here Employee Representatives' Council v. Gate Gourmet Div. Americas,* 402 F. Supp. 2d 289, 292 (D.D.C. 2005) (*citing Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). It is an appropriate use of such discretion to stay an action when the resolution of another case will bear upon the action. *See id.* Given the connection between the present case and *Cookeville,* it would be a sound use of the Court's discretion to stay this case pending the resolution of *Cookeville*.

### A.    Judicial Economies Necessitate A Stay in This Action

The outcome of the *Cookeville* case may impact the future scope and necessity of litigation in the present case. A final, non-appealable order in *Cookeville* likely will resolve the issue of whether it is proper for the Secretary to exclude section 1115 waiver patient days from the Medicare DSH calculation. Such a determination would foreclose the need for the parties in this case to litigate the same issue. If the *Cookeville* case is resolved without the issuance of a final, non-appealable order (e.g., dismissal in the Court of Appeals on procedural grounds) the parties in this case will submit a briefing scheduled and resume litigation (if necessary). Granting a stay in this case until the *Cookeville* case has resolved the section 1115 waiver days issue will promote judicial economy and efficiency by ensuring that this issue is not litigated in multiple forums at the same time. *See Naegle v. Albers,* 335 F. Supp. 2d 129, 141 (D.D.C. 2005)

(stating that "'litigating essentially the same issues in two separate forums is not in the interest of judicial economy or in the parties' best interests'") (internal citations omitted).

### B. Defendant Does Not Oppose a Stay in this Case

Granting a stay in this case is particularly appropriate because both parties are in agreement that a stay is warranted in light of *Cookeville*. On May 16, 2006, the respective counsel for the parties in this case participated in a telephone conference pursuant to LCvR 16.3. During this telephone conference, counsel for the Plaintiffs informed counsel for the Defendant of Plaintiffs' belief that it would be appropriate to stay the present case pending a resolution of *Cookeville*. Counsel for the Defendant represented that Defendant would not oppose such a motion to stay filed by the Plaintiffs.

### III   CONCLUSION

In light of the foregoing, Plaintiffs respectfully requests the Court to order a stay of all proceedings in this case until either a final, non-appealable order is issued in the *Cookeville* case or the *Cookeville* case is otherwise dismissed.

Dated: May 17, 2006                            Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP

By: /s/ Kenneth R. Marcus
    KENNETH R. MARCUS
    D.C. Bar No. MI0016
    2290 First National Building
    660 Woodward Avenue
    Detroit, MI 48226-3506
    Tel: (313) 465-7470
    Fax: (313) 465-7471

Attorneys for Plaintiff

DETROIT.2149513.1